GREENWOOD LODGE, NUMBER 135, ANCIENT AND ACCEPTED MASONS *v.* MAX PRIEBATSCH.

PROMISSORY NOTE.  *Code* 1892, § 3502.

A written engagement to pay a certain sum of money, absolutely and unconditionally, within a specified time, to a designated person, is a promissory note, under Code 1892, § 3502, so providing, and may be sued upon after its maturity, no matter. what the instrument designates itself or what its other provisions are.

FROM the circuit court of Leflore county.

HON. FRANK E. LARKIN, Judge.

Priebatsch, the appellee, was plaintiff in the court below; the Lodge, appellant, was defendant there. From a judgment in plaintiff's favor, the defendant appealed to the supreme court.

The suit was upon an instrument in these words: "This is to certify that Max Priebatsch is the holder of ten ten-dollar shares of nonassessable stock in the lot or parcel of land conveyed to the Greenwood Lodge No. 135 A. F. & A. M. by Mary V. Allen and J. K. Allen and recorded on page 331 of book 12 of records of deeds of Leflore county Mississippi, reference to which is made a part hereof, and in the lodge building erected thereon, and that said stock is to be paid to the said Max Priebatsch, or his heirs or assigns, with ten per cent. interest per annum until paid by said lodge, and when the said stock with interest is fully paid, then this certificate is to be surrendered to said lodge by the holder hereof and the same destroyed.

"If this certificate is assigned the said lodge shall be notified of the same within thirty days, with full name and address of the assignee or else said assignment shall be void; and said lodge

hereby reserves the right to pay off and take up this certificate at any time on sixty days notice, and the same shall be payable within ten years from the date hereof. Partial payments not less than the accumulated interest, may be made at any time and the same shall be credited hereon."

An act of the legislature, approved April 10, 1871 (Laws 1871, p. 532, ch. 201), incorporated the Grand Lodge of Free and Accepted Masons, and it was agreed that defendant was a regular subordinate lodge, and as such under said act was a body corporate with power to contract, sue, and be sued. There was no evidence other than the instrument sued upon introduced by either party.

*Gwin & Mounger,* for appellant.

The certificate is not a promissory note. Code 1892, § 3502. It neither promises to pay a sum of money nor acknowledges a sum due. The lodge reserves the right to pay off and take up the certificate on giving sixty days notice of its intent to do so, but it nowhere promises or undertakes to do so. The certificate certifies that Max Priebatsch is the holder of ten ten-dollar shares of nonassessable stock in a certain lot and the building thereon, and that said stock is to be paid to the said Priebatsch with ten per cent. interest thereon, until paid by said lodge, and when paid the stock is to be canceled and destroyed. The stock cannot be assigned without notice to the lodge, and the stock shall be payable in ten years, but by whom it is to be paid, and although it is payable whether or not it must be paid, does not appear. Whether the word "payable" is used in the sense of "due" or in the sense of "being capable of being discharged by payment" cannot be determined from the instrument.

Apparently the holder of the certificate is the owner of ten ten-dollar shares in the lot and building and these shares are nonassessable. That is, no assessment can be levied upon this stock of shares. The holder is part owner, a cotenant, of this lot and building, but the lodge retains an option to purchase this

share or interest of the stockholder, or else the lodge is a stock company and the appellee is a stockholder seeking to collect the face value of his stock certificate from the stock company to the exclusion of the other stockholders.

Whether or not anything was paid for this stock, or whether the certificate evidences a subscription which is unpaid and the partial payments which the certificate recites may be credited on the certificate are to be paid by the holder of the certificate does not appear.

The certificate provides that the certificate shall be payable in ten years, but it is impossible to determine whether it is meant that the holder shall pay the amount for his interest in the property in ten years, or that the lodge is to redeem the certificate by paying the amount to the holder within that time.

The scheme appears to have been about as follows: The lodge owned or purchased the lot and building and sold shares, or an interest therein to different persons, appellee amongst the number. The shareholders were to pay for their interest in ten years, but partial payments might be paid by them at any time. The lodge reserved the right to purchase the interest of the shareholder at any time by giving sixty days notice, and in order that this might be done, the shareholders are prohibited from assigning or transferring their interest unless the lodge is given notice within thirty days of the name and address of the assignee.

When this right to purchase is exercised, if ever, the shareholder is to be paid the amount he has paid in with ten per cent. interest, and when the shareholder has been so paid, the stock is to be destroyed.

The contract does not set forth this very clearly, we confess, but it sets it forth if it sets forth any contract, and we submit that the whole thing is so indefinite, uncertain, and unintelligible that without other evidence to explain it or guide the court in its interpretation, there is nothing upon which to base a verdict or a judgment.

*S. R. Coleman,* for appellee.

The instrument sued on is an instrument to pay in ten years, or after ten years, the sum of one hundred dollars, with ten per cent. interest with the right in the lodge to pay it off at any time.   While called stock, that does not vary the terms of the contract.   Not being paid suit was brought and prosecuted to judgment.   We see no reason why the Masonic Lodge should be exempt from a judgment for its debts, plainly evidenced as is this, any more than an individual.

TRULY, J., delivered the opinion of the court.

The paper sued on, denominated a "certificate," is a perfectly plain written engagement to pay a certain sum of money, absolutely and unconditionally, within a specified time.   It contains all the requisites of a promissory note.   2 Am. & Eng. Enc. Law (1st ed.), 314; Code 1892, § 3502.   The names of the maker and of the payee, the amount of money promised to be paid, the rate of interest which it bears, the date at which it is to be paid, the consideration for which it is given, all appear on the face of the instrument.   The understanding and the agreement of the parties is apparent, and the record suggests no reason why the appellant should be relieved from discharging its obligation.

*Affirmed.*